IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-01595

| | | |
|---|---|---|
| JOSHUA MBUMBA CHITALO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAGUAR LAND ROVER NORTH AMERICA, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss [DE 13]. Plaintiff has responded [DE 16] and defendant has replied [DE 19]. The motion is ripe for disposition. For the following reasons, the Court GRANTS defendant's motion and DISMISSES all plaintiff's claims.

## I. BACKGROUND

Plaintiff initiated this action by filing the complaint in this Court on December 10, 2025 [DE 1]. Plaintiff's complaint alleges the following. On April 4, 2025, plaintiff parked his 2015 Range Rover. Unfortunately, the vehicle's gear selector failed to transmit the "park" command, and the vehicle began to roll after he exited. The vehicle ran over plaintiff's body, causing serious crush-related injuries. Plaintiff sued Jaguar Land Rover North America, LLC, for $618,000, claiming (1) product liability design defect; (2) negligence; (3) failure to warn; and (4) breach of implied warranty.[1] He also alleges that defendant engaged in spoliation of evidence.

On December 17, 2025, the Court granted plaintiff's motion to proceed in forma pauperis [DE 2]. On February 10, 2026, defendant filed the instant motion to dismiss [DE 13]. On February

[1] Count five of plaintiff's complaint is "spoliation of evidence." However, because that is not a valid claim, the Court disregards and dismisses it..

11, 2026, plaintiff responded [DE 16]. On February 24, 2026, defendant replied [DE 19]. On March 30, 2026, this case was reassigned from District Court Judge James C. Dever III to the undersigned.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to '"discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (citation omitted).

## III. DISCUSSION

Defendant argues plaintiff fails to state a claim. The Court addresses each claim in turn. As the Court has diversity jurisdiction over this action, it applies the substantive law of North Carolina to plaintiffs' state law claims. *See Francis v. Allstate Ins. Co.*, 709 F.3d 362, 369 (4th Cir. 2013).

Plaintiff's first claim is inadequate design. In order to succeed in a products liability action for inadequate design, a plaintiff must prove "that at the time of its manufacture the manufacturer acted unreasonably in designing or formulating the product, that this conduct was a proximate cause of the harm for which damages are sought," and also prove one of the following:

> (1) At the time the product left the control of the manufacturer, the manufacturer unreasonably failed to adopt a safer, practical, feasible, and otherwise reasonable alternative design or formulation that could then have been reasonably adopted and that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the product.
> (2) At the time the product left the control of the manufacturer, the design or formulation of the product was so unreasonable that a reasonable person, aware of the relevant facts, would not use or consume a product of this design.

N.C. Gen. Stat. § 99B-6(a), (a)(1)-(2).

Plaintiff's argument is one sentence: "The rotary shifter's design fails to ensure reliable Park engagement, creating an unreasonably dangerous vehicle." [DE 1] at 3. While plaintiff argues the product's design was unreasonable, he does not offer facts to support that claim, nor does he argue or offer explanation for how the design proximately caused the harm he suffered. In fact, his complaint shows that his vehicle was at least ten years old at the time the harm occurred. Plaintiff also does not argue that another, more reasonable design would have prevented the same outcome. Nor does he argue that at the time the product left the control of the manufacturer, the product's design was so unreasonable that a reasonable person, aware of the relevant facts, would not use or consume the product. For these reasons, plaintiff's claim fails.

Plaintiff's second claim is negligence. "To make out a *prima facie* case of negligence, a plaintiff must show that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant's conduct breached that duty; (3) the breach was the actual and proximate cause of the plaintiff's injury; and (4) damages resulted from the injury." *Parker v. Town of Erwin*, 243 N.C. App. 84, 110 (2015) (citations and quotation marks omitted). Plaintiff's argument, again, is only one sentence: "[Defendant] breached its duty to identify/correct the [gear selector defect] despite prior complaints and known risks." [DE 1] at 3. Although plaintiff alleges that defendant breached a duty of care, he fails to identify the duty or show that the defect proximately caused his damages. For these reasons, plaintiff's negligence claim fails.

Plaintiff's third claim is failure to warn. In order to succeed on a claim for inadequate warning or instruction in North Carolina, a claimant must prove "the manufacturer or seller acted unreasonably in failing to provide the warning or instruction, [and] that the failure to provide adequate warning or instruction was a proximate cause of the harm for which damages are sought[.]" N.C. Gen. Stat. § 99B-5. The claimant must also prove one of the following:

> (1) At the time the product left the control of the manufacturer or seller, the product, without an adequate warning or instruction, created an unreasonably dangerous condition that the manufacturer or seller knew, or in the exercise of ordinary care should have known, posed a substantial risk of harm to a reasonably foreseeable claimant.
> (2) After the product left the control of the manufacturer or seller, the manufacturer or seller became aware of or in the exercise of ordinary care should have known that the product posed a substantial risk of harm to a reasonably foreseeable user or consumer and failed to take reasonable steps to give adequate warning or instruction or to take other reasonable action under the circumstances.

*Id* at 5(1)-(2).

Plaintiff's argument is only one sentence: "[Defendant] failed to warn that the shifter could falsely indicate 'Park' while remaining in gear." While plaintiff alleges defendant failed to warn him of a defect, he does not provide any supporting facts. Construing his complaint liberally, he

alleges in a prior claim that defendant had "prior complaints and known risks." But even this is not enough to survive a motion to dismiss; he does not show defendant acted unreasonably in failing to warn him, or that the failure to warn was the proximate cause of his damages, among other things he fails to plead.

Plaintiff's last claim is breach of the implied warranty of merchantability. To state a claim for breach of implied warranty of merchantability, a plaintiff must allege "(1) that the goods bought and sold were subject to an implied warranty of merchantability, (2) that the goods did not comply with the warranty in that the goods were defective at the time of sale, (3) that plaintiff's injury was due to the defective nature of the goods, and (4) that damages were suffered as a result." *Ascot Corp., LLC v. I&R Waterproofing, Inc.*, 286 N.C. App. 470, 479 (2022) (citation omitted).

Plaintiff's argument, once again, is only one sentence: "The vehicle was not fit for its ordinary purpose (safe transportation) due to the defect." Such a conclusory allegation, on its own, is not enough to survive a motion to dismiss. *Ashcroft*, 556 U.S. at 663 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."). For this reason, plaintiff's claim fails.

## IV. CONCLUSION

For the foregoing reason, the Court GRANTS defendant's motion to dismiss [DE 13]. Plaintiff's complaint is DISMISSED in its entirety. The Clerk is DIRECTED to close the case.

SO ORDERED, this 4 day of September, 2026.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE